# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JUAN HERNANDEZ-MORALES, <br><br> Defendant, <br><br><br><br> BERTHA E. CASTILLO, <br><br> Third-Party Petitioner. | No. CR13-4061-MWB <br><br><br><br> **ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S MOTION TO DISMISS THIRD-PARTY PETITION FOR RETURN OF SEIZED FUNDS** |

## I. INTRODUCTION AND BACKGROUND

This case is before me on United States Magistrate Judge Leonard T. Strand's Report and Recommendation concerning the prosecution's motion to dismiss a third-party petition filed by Bertha E. Castillo for the return of $35,339.03 in seized funds.

On January 10, 2014, I entered a preliminary order of forfeiture on $60,500. The preliminary order of forfeiture directed the prosecution to seize the money from three bank accounts in Sioux City, Iowa, and to provide notice of the pending forfeiture of the money. Third-party petitioner Bertha E. Castillo subsequently filed a pro se motion to set aside the preliminary order of forfeiture. Castillo also filed a supplement to her motion in which she alleges that she is the owner of $35,339.03 seized from a Wells Fargo checking account. The prosecution filed a timely resistance to her motion. On March 13, 2014, an order was entered giving Castillo additional time to amend her filing to comply with the

requirements of 21 U.S.C. § 853(n). Castillo failed to comply with the statutory requirements of § 853(n) and failed to respond to the prosecution's efforts to arrange her deposition pursuant to 21 U.S.C. § 853(m). On July 18, 2014, Judge Strand entered an order that included the following warning:

> Ms. Castillo should note, however, that her petition will not survive until the hearing unless she takes immediate action. During today's conference, Mr. McLaughlin outlined the steps he has taken to arrange for Ms. Castillo's deposition. The Government has the right to conduct that deposition pursuant to 21 U.S.C. § 853(m). Consistent with her failure to participate in today's conference, Ms. Castillo has not responded to Mr. McLaughlin's efforts to schedule the deposition. She must contact Mr. McLaughlin, either directly or through an attorney, no later than **July 30, 2014**, for purposes of scheduling her deposition. That deposition must then occur no later than **August 15, 2014**, unless Mr. McLaughlin agrees to a later date. **If Ms. Castillo fails to comply with either of these deadlines, the Government may file a motion to dismiss her petition and that motion will likely be granted**. In short, if Ms. Castillo intends to pursue her claim for the return of money, she needs to contact Mr. McLaughlin very soon.

Order at 2 (Doc. No. 93) (emphasis in original; footnote omitted). Castillo did comply with Judge Strand's order.

The prosecution subsequently filed its motion to dismiss. In its motion, the prosecution argues that Castillo's petition should be dismissed for failure to meet § 853(n)(3)'s pleading requirements, or on the ground that she has abandoned her claim. Castillo did not file a response to the prosecution's motion.

The prosecution's motion to dismiss was referred to Judge Strand, pursuant to 28 U.S.C. § 636(b). On September 17, 2014, Judge Strand filed a Report and

2

Recommendation in which he recommends that the prosecution's motion to dismiss be granted. Judge Strand concluded that Castillo had abandoned her claim by not amending her petition as previously directed and by failing to comply with other orders concerning discovery. Neither Castillo nor the prosecution have filed objections to Judge Strand's Report and Recommendation.

## II. LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Strand's Report and Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I **accept** Judge Strand's Report and Recommendation and order that the prosecution's motion to dismiss is granted. Third-party petitioner Castillo's *pro se* petition is dismissed.

**IT IS SO ORDERED.**

**DATED** this 23rd day of October, 2014.

                                                      MARK W. BENNETT
                                                      U. S. DISTRICT COURT JUDGE
                                                      NORTHERN DISTRICT OF IOWA