# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JUAN CARLOS HERNANDEZ-MORALES, <br><br> Defendant. <br><br><br> RAFAEL E. CHAVEZ LUJAN, <br><br> Third-Party Petitioner. | No. CR13-4061-MWB <br><br> **ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION ON PETITION FOR RETURN OF MONEY** |

_____

## *I.    INTRODUCTION AND BACKGROUND*

On September 19, 2013, a Superseding Indictment was returned against defendant Juan Carlos Hernandez-Morales charging him with conspiring to distribute 500 grams or more of a methamphetamine mixture which contained 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, distributing approximately 54 grams or more of pure methamphetamine within 1,000 feet of a public playground or park, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860(a), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  The prosecution further sought the forfeiture of $60,500.

On December 30, 2013, Hernandez-Morales entered a plea of guilty to Counts 1 and 3 of the Superseding Indictment pursuant to a plea agreement. In his plea agreement, Hernandez-Morales admitted he was sent to Iowa by Salvador Gomez-Tinajero to collect drug money and deposit it into certain bank accounts. Plea Agreement at ¶15f-k. He further admitted that he conspired with Gomez-Tinajero to launder the proceeds of Gomez-Tinajero's drug transactions. *Id.* at ¶15e-f. Gomez-Tinajero instructed Hernandez-Morales to pick up money from drug transactions and deposit certain amounts of money, all less than $10,000 to avoid detection, into specific bank accounts for which Gomez-Tinajero had provided account numbers. *Id.* at ¶15f.

On April 7, 2014, Hernandez-Morales was sentenced to 60 months imprisonment. I entered a preliminary order of forfeiture on $60,500. The preliminary order of forfeiture directed the prosecution to seize the money from three bank accounts in Sioux City, Iowa, and to provide notice of the pending forfeiture of the money. Third-party petitioner Rafael E. Chavez-Lujan subsequently filed a petition for return of money in which he alleges that he is the owner of $22,091.75 seized from a Wells Fargo bank account. The prosecution filed a timely resistance to his motion.

Chavez-Lujan's petition was referred to United States Magistrate Judge Leonard T. Strand pursuant to 28 U.S.C. § 636(b)(1)(B). At the prosecution's request, Judge Strand established deadlines for depositions and other discovery relating to the petition. Ultimately, after various continuances were granted, an evidentiary hearing took place on October 15, 2014. Judge Strand then set a post-hearing briefing schedule. After briefing was completed, Judge Strand issued a Report and Recommendation in which he recommended that Chavez-Lujan's petition for return of money be denied.

Judge Strand found that Chavez-Lujan had failed to show by a preponderance of the evidence that he is entitled to the return of the forfeited property under either 21

U.S.C. §§ 853(n)(6) (A) or (B).[1] Judge Strand based this conclusion on the following findings. First, Judge Strand found that Chavez-Lujan had failed to show by a preponderance of the evidence that he had a legal interest in the forfeited funds before the prosecution's interest vested. Alternatively, Judge Strand found that Chavez-Lujan's claim failed because the money constituted the direct proceeds of criminal activity. In arriving at these findings, Judge Strand rejected Chavez-Lujan's testimony, finding it to be "false" and "absurd." Report and Recommendation at 12. Thus, Judge Strand recommends that Chavez-Lujan's request to have the seized money returned to him, pursuant to § 853(n)(6)(A), be denied. Judge Strand further concluded that Chavez-Lujan

---

[1] Section 853(n)(6) states:

> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S. C. § 853(n)(6).

failed to prove that he had a legal interest in the money, and that he had no cause to believe the money would be subject to forfeiture. Rather, Judge Strand found that Chavez-Lujan was "well-aware" that the bank account in which the money was seized "was created to facilitate criminal activity." Report and Recommendation at 15. Thus, Judge Strand recommends that Chavez-Lujan's request to have the seized money returned to him, pursuant to § 853(n)(6)(B), also be denied. No objections to Judge Strand's Report and Recommendation have been filed.

## II.    *LEGAL ANALYSIS*

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

4

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed, and it appears to me upon review of Judge Strand's findings and conclusions, that there is no ground to reject or modify them. Therefore, I accept Judge Strand's Report and Recommendation on Chavez-Lujan's petition for return of money.

### III.   CONCLUSION

I accept Judge Strand's Report and Recommendation and, therefore, deny Chavez-Lujan's petition for return of money.

**IT IS SO ORDERED**.

**DATED** this 30th day of January, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA